UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RORY LLOYD,

                              Petitioner,

-vs-                                                    Case No.  8:05-cv-2021-T-17MSS

SECRETARY,  DEPARTMENT  OF
CORRECTIONS,

                              Respondent.

_____

## ORDER

THIS CAUSE is before the Court on Petitioner Rory Lloyd's 28 U.S.C. § 2254 petition

for writ of habeas corpus.  Lloyd challenges his conviction and sentence entered by the Circuit

Court for the Sixth Judicial Circuit, Pinellas County, Florida.

PROCEDURAL HISTORY

On February 18, 2003, Lloyd was initially charged by Information with Grand Theft of a

Motor Vehicle and Fleeing and Eluding. (Exhibit 001, R. 10-11). The alleged offenses occurred

on January 22, 2003. Lloyd entered a plea of not guilty on April 22, 2003, and proceeded to trial

on November 5, 2003. (Exhibit 001, R. 15).

On November 5, 2003, the jury acquitted Lloyd of the Fleeing and Eluding charge and

found Lloyd guilty of the Grand Theft Motor Vehicle charge. (Exhibit 001, R. 42-3). Lloyd was

sentenced to seventy-six months incarceration, a sentence at the low end of the guidelines. (Exhibit 001, R. 44-53).

Lloyd filed a notice of appeal on November 7, 2003. (Exhibit 001, R. 54). He raised one claim: The State's evidence proved that at most (Lloyd) committed attempted grand theft. (Exhibit 002).  On November 5, 2004, the Second District Court of Appeal per curiam affirmed Lloyd's conviction. *Lloyd v. State*, 892 So. 2d 1029 (Fla. 2d DCA 2004)(Table) (Exhibit 004). On November 17, 2004, Lloyd filed a Motion for Rehearing, which was denied on December 16, 2004. The Mandate issued on January 6, 2005. (Exhibit 005).

On December 27, 2004, Lloyd filed a motion for post-conviction relief in the state trial court, raising five grounds for relief: **Ground One** - Ineffective assistance of trial counsel for failing to file a motion to suppress the evidence discovered after an allegedly illegal traffic stop. **Ground Two** - Ineffective assistance of trial counsel for failing to interview a material witness. **Ground Three** - Ineffective assistance of trial counsel for failing to argue that the facts of the case did not support a charge of grand theft of a motor vehicle. **Ground Four** - Ineffective assistance of trial counsel for failing to object or move for a mistrial when the State introduced allegedly inadmissible evidence concerning the contents of the stolen vehicle. **Ground Five** - Ineffective assistance of trial counsel for failing to argue Lloyd did not have the requisite knowledge to support the fleeing and eluding charge. (Exhibit 006)

On January 20, 2005, the state trial court summarily denied all but two grounds for relief, and ordered the State to respond to the allegations Lloyd raised in grounds one and four. (Exhibit 007). The State filed its response on February 4, 2005. (Exhibit 008). Lloyd filed a reply to the response. (Exhibit 009). On March 9, 2005, the state trial court entered its final order

denying relief. (Exhibit 010). The state trial court made specific findings of fact supporting its ruling that Lloyd's trial counsel was not deficient and that Lloyd had not suffered prejudice from the performance of his trial counsel. The trial court attached portions of Lloyd's direct appeal record to support its findings. The March 9, 2005 order read, in pertinent part:

> THIS CAUSE came before the Court on the Defendant's pro se Motion for Postconviction Relief, filed on December 27, 2004, pursuant to Fla. R. Crim. P. 3.850. This court issued an Order, filed on January 25, 2005, denying several of Defendant's claims and directing the State to show cause to the remaining claims. This court hereby incorporates that Order by reference into this document. The State issued its response on February 4, 2005. The Defendant filed his response to the State's response on February 14, 2005. Having considered the motion, record, and the State's response, the Defendant's response, and applicable law, this court finds as follows:

> This court ordered the State to show cause on the Defendant's two remaining claims. The two claims are: (1) counsel was ineffective for failing to file a motion to suppress evidence discovered during an allegedly illegal traffic stop; and (2) counsel was ineffective for failing to object when the state introduced alleged collateral crime evidence.

> <u>(1)    Motion To Suppress</u>

> The facts in the record, detailed at length in this court's previous Order, reflect that the Defendant was stopped pursuant to an investigatory traffic stop. *Pantin v. State*, 872 So. 2d 1000 (Fla. 4th DCA 2004). To conduct an investigatory stop of an automobile, a police officer must have a reasonable suspicion that the person driving the vehicle has committed, is committing, or is about to commit a criminal offense. *Wilhelm v. State*, 515 So. 2d 1343 (Fla. 2d DCA 1987). Reasonable suspicion is a lower standard than probable cause. *Foy v. State*, 717 So. 2d 184 (Fla. 5th DCA 1998). However, a mere or bare suspicion will not suffice to satisfy the reasonable suspicion standard. *Hunter v. State*, 660 So. 2d 244 (Fla. 1995) (citing *Sumlin v. State*, 433 So. 2d 1303, 1304 (Fla. 2d DCA 1983)).

> As a preliminary matter, the court notes that the state inaccurately characterizes the vehicle the Defendant was driving as the object of a "be on the lookout" (BOLO) bulletin. However, there is nothing in the record to support the allegation that a BOLO was ever issued for the vehicle the Defendant was

driving.[1]  Rather, the record reflects that the police officer who initially noticed the vehicle was on an "assignment" to look for stolen vehicles on the south side of St. Petersburg.  He noticed the vehicle at issue here because he had been "given information" on a stolen Dodge Durango.  The information he had received was that a silver 2000 Dodge Durango was stolen from a Lowe's parking lot at a specific address in north St. Petersburg at 7:00 p.m.  The owner of the vehicle had reported it stolen.  *Exhibit A:  Trial Transcript, pg. 81.*  This was only one of several vehicles that the officer was looking for that night.

Regardless, the court finds that the information that the police officer had here was enough to create a reasonable suspicion that the vehicle the Defendant was driving was the one reported stolen.  The officer had a specific description of the make, model, year, and color of the vehicle at issue, as well as the location from which it was stolen.  *State v. Wise*, 603 So. 2d 61 (Fla. 2d DCA 1992).  Finally, the source of this information came from the owner of the truck, who is a very reliable source.  *Id.*  Therefore, this court finds that counsel cannot be ineffective for failing to file an unsuccessful motion.  This claim is denied.

(2).   Failure To Object

For the Defendant to prevail on this claim, he must demonstrate that counsel had no excuse for overlooking the objection and that the outcome f the trial would likely have been different had the objection been made.  *Rue v. State*, 603 So. 2d 613 (Fla. 2d DCA 1992).  The State persuasively argues that even if the jury had not heard testimony establishing that certain contents of the truck were stolen, the record reflects that the jury did properly hear testimony establishing that the Defendant was found driving a vehicle that he admitted he knew was stolen.  This court finds that the outcome of the trial would not have differed had counsel objected or had the issue been raised on appeal.  *Id.*  Therefore, this court finds that the Defendant has failed to demonstrate prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984).  This claim is denied.

Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Post conviction Relief is hereby denied.

(Exhibit 010).

On March 17, 2005, Lloyd filed a Notice of Appeal of the denial of his 3.850 motion for

---

[1] In his reply, Lloyd submitted a copy of a police report that indicates a BOLO was issued.  The fact that a BOLO was issued does not change the outcome of this case.

post conviction relief. (Exhibit 011).  On August 31, 2005, the Second District Court of Appeal per curiam affirmed the state trial court's denial of post conviction relief. *Lloyd v. State*, 911 So. 2d 110 (Fla. 2d DCA 2005)(Table ). (Exhibit 012).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## THE PRESENT PETITION

Lloyd filed the instant petition for Writ of Habeas Corpus on October 28, 2005. The petition is timely.  Lloyd raises two grounds for relief: **Ground One** - Whether trial counsel was ineffective for failing to file a motion to suppress the evidence discovered by the police following the allegedly illegal traffic stop. **Ground Two** - Whether trial counsel was ineffective for failing to object and/or move for a mistrial when the State introduced allegedly inadmissible evidence. The two issues presented are identical to grounds one and four of Lloyd's Rule 3.850 motion for postconviction relief -- the grounds discussed in the state trial court's order set out above.

Lloyd has not made a threshold showing of entitlement to relief under 28 U.S.C. § 2254 (d).  Lloyd does not allege and demonstrate through clear and convincing evidence that the state court decision resulted in an unreasonable application of clearly established federal law or an unreasonable determination of the facts in Lloyd's case.

Accordingly, the Court orders:

That Lloyd's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Lloyd and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274,

6

282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 2, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Rory Lloyd